UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RYAN JACKSON,

        Plaintiff,

v.                                                                                         Case No: 6:13-cv-916-Orl-22TBS

HOME TEAM PEST DEFENSE, INC.,

        Defendant.

# ORDER

This cause comes before the Court on Defendant Home Team Pest Defense, Inc.'s ("Defendant") Objection (Doc. No. 22) to Magistrate Judge Smith's Report and Recommendations ("R&R") (Doc. No. 19) on Defendant's Motion to Dismiss, or, in the alternative, to Compel Arbitration and to Stay (Doc. No. 8). Plaintiff Ryan Jackson ("Plaintiff") filed a Response to Defendant's Objection (Doc. No. 23). Defendant's objection is limited to a single issue: whether this Court, rather than the arbitrator, should compel Plaintiff to arbitrate his Fair Labor Standards Act ("FLSA") claims on an individual basis and not as part of a collective action. Based on his reading of the Agreement to Arbitrate, (Doc. No. 8 at 13), the Magistrate Judge recommended that the Court not require Plaintiff to present his claims individually. Both parties accept the Magistrate Judge's recommendation that Plaintiff should be compelled to arbitrate.

District courts review *de novo* any portion of a magistrate judge's disposition of a dispositive motion to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 336 n.3 (11th Cir. 2011) (per curiam).[1] The district judge may reject, modify, or accept in whole or in part the magistrate judge's recommended disposition, among other options. Fed. R. Civ. P. 72(b)(3). *De novo* review of a magistrate

---

[1] Unpublished Eleventh Circuit cases are persuasive, but not binding.

judge's findings of fact must be "independent and based upon the record before the court." *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988). The district court "need only satisfy itself that there is no clear error on the face of the record" in order to affirm a portion of the Magistrate Judge's recommendation to which there is no timely objection. Fed. R. Civ. P. 72 advisory committee's note (1983).

> The following clause in the Agreement to Arbitrate provoked the instant objection:
>
> The arbitrator's powers to conduct any arbitration proceeding under this Agreement shall be limited as follows: any arbitration proceeding under this Agreement will not be consolidated or joined with any action or legal proceeding under any other agreement or involving any other employees, and will not proceed as a class action, private attorney general action or similar representative action.

(Doc. No. 8 at 13). Defendant claims that this clause requires the Court to compel Plaintiff to arbitrate his claims individually, while Plaintiff suggests that the clause is ambiguous and should be construed by the arbitrator.

Class arbitration, as opposed to individual arbitration, requires the parties to have agreed to permit class procedures in their arbitration contract. *Oxford Health Plans, LLC v. Sutter*, 133 S. Ct. 2064, 2066 (2013) (citing *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684, 130 S. Ct. 1758, 1775 (2010) ("[A] party may not be compelled under the [Federal Arbitration Act] to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." (emphasis in original))). There is no binding precedent dictating that either this Court or the arbitrator should determine whether the parties have agreed to permit class procedures, and thus whether class arbitration is available. Questions of "arbitrability," "which 'include certain gateway matters, such as whether parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy'—are presumptively for courts to decide." *Id.* at 2068 n.2 (quoting *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452, 123 S. Ct. 2402, 2407 (2003) (plurality opinion)).

Although there has not been a majority opinion, and thus no binding precedent, a plurality of the Supreme Court decided that determining whether an arbitration contract "forbid[s] class arbitration . . . does not fall into" the "narrow" set of arbitrability issues when the contract is arguably silent as to class arbitration. *Bazzle*, 539 U.S. at 452, 123 S. Ct. at 2407. The plurality opinion reasoned that a class arbitration issue begs the question of "what *kind of arbitration proceeding* the parties agreed to," which "concerns contract interpretation and arbitration procedures," not whether arbitration between certain parties or over a certain dispute is appropriate in the first place. *Id.* at 539 U.S. 452–53, 123 S. Ct. at 2407 (emphasis in original). The Court did not restate this analysis in its recent majority opinion in *Oxford Health Plans*. Instead, Justice Alito (joined by Justice Thomas) authored a concurring opinion urging courts to pause "before concluding that the availability of class arbitration is a question the arbitrator should decide" because it is unclear whether absent members of a plaintiff class in class arbitration would be bound by the arbitrator's resolution of a dispute.[2] 133 S. Ct. at 2072.

Looking to Circuits that have interpreted *Bazzle* does not offer much help. On the one hand, the First, Second, and Third Circuits have held that district courts, not arbitrators, should determine whether valid contractual terms forbidding class arbitration are enforceable. *Puleo v. Chase Bank USA, N.A.*, 605 F.3d 172, 184–85 (3d Cir. 2010) (en banc); *In re Am. Express Merchs.' Litig.*, 554 F.3d 300, 310–311 (2d Cir. 2009) (vacated on other grounds, *Am. Express Co. v. Italian Colors Restaurant*, 130 S. Ct. 2401, 2401 (2010)); *Kristian v. Comcast Corp.*, 446 F.3d 25, 53–55 (1st Cir. 2006). On the other hand, the Fifth Circuit has held that the arbitrator should get the first "call" on whether a contract provision forbids class arbitration, regardless of

---

[2] Justice Alito noted that "an arbitrator's erroneous interpretation of contracts that do not authorize class arbitration cannot bind someone who has not authorized the arbitrator to make that determination." *Oxford Health Plans*, 133 S. Ct. at 2072.

how the court would interpret the agreement if given the chance. *Pedcor Mgmt. Co., Inc. Welfare Benefit Plan v. Nations Pers. of Tex., Inc.*, 343 F.3d 355, 359–60 (5th Cir. 2003).

The distinction between the cases placing the decision with the district court and the instant dispute is subtle, but important: where the dispute is over the <u>existence</u> of a provision forbidding class arbitration, not its <u>enforceability</u>, precedent suggests that the necessary responsibility to interpret the contract's language rests with the arbitrator. *See Puleo*, 605 F.3d at 184–85 (holding that "[t]he issue in *Bazzle* was the *existence*, not the *validity*, of a class action waiver," whereas the issue before the Third Circuit was an "unconscionability challenge to a class action waiver provision" that "expressly and unmistakably proscribe[d] class arbitration." (emphasis in original)).

In the case at bar, Plaintiff does not argue that the purported class arbitration waiver is unconscionable nor offer any other objections to such provision's enforcement. Plaintiff merely argues that the agreement does not prevent class arbitration because the contractual language is ambiguous, other language in the contract belies Defendant's interpretation, and agreement is actually written in a way that allows Plaintiff to bring a collective action. These are classic arguments calling for contractual interpretation, not threshold questions that must be answered before the case can be submitted to arbitration. Accordingly, referral of this issue to the arbitrator is appropriate in light of the precedent discussed above. At least one other district court in the Eleventh Circuit has reached the same conclusion. *See Sullivan v. PJ United, Inc.*, No. 7:13-cv-1275-LSC, 2013 WL 4827605, at * 2 (N.D. Ala. Sept. 10, 2013) (noting that after referral, "Defendants may ask the arbitrator to enforce the collective action waiver, and the arbitrator is well-positioned to evaluate the contract, the arguments of the parties, and decide the issue").

Based on the foregoing, it is ordered as follows:

1.	The Report and Recommendation (Doc. No. 19), issued September 18, 2013, is **ADOPTED and CONFIRMED** and made a part of this Order.

2.	The Objection of Defendant Home Team Pest Defense, Inc. (Doc. No. 22), filed October 1, 2013, is **OVERRULED**.

3.	The Motion to Dismiss, or in the alternative, to Compel Arbitration on an individual basis (Doc. No. 8), filed July 30, 2013, is **GRANTED in part and DENIED in part.** The Motion to compel arbitration is **GRANTED**, but the Motion to compel arbitration on an individual basis is **DENIED**.

4.	This action is **STAYED** pending arbitration. The parties are directed to file a joint status report on Thursday, February 20, 2014, and every 90 days thereafter. The Clerk is directed to **ADMINISTRATIVELY CLOSE** this case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on November 15, 2013.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties