UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RYAN JACKSON, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.                                                    Case No.  6:13-cv-916-ORL-22TBS

HOME TEAM PEST DEFENSE, INC.,

      Defendant.

_____/

REPORT AND RECOMMENDATION

      This case comes before the Court without oral argument on the parties' Joint

Motion for Approval of Settlement (Doc. 28).  For the reasons that follow, I

recommend that the motion be granted.

Background

      The complaint alleges that Defendant Home Team Pest Defense, Inc., failed

to compensate its employees for overtime at a rate no less than time and one-half

their regular rates of pay for hours worked in excess of forty during any given

workweek, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the

"FLSA").  (Doc. 1).  Plaintiff Ryan Jackson brought this case on his own behalf and

on behalf of all similarly situated persons who consented to be included.  (Id.).

Plaintiff Christine LeDuc opted into the action and is the only person to join the

lawsuit.  (Doc. 10).  Defendant motioned the Court to dismiss, or in the alternative,

stay the action and compel arbitration on an individual basis.  (Doc. 8).  The Court

granted the motion in part.  It compelled arbitration and stayed this case pending

the outcome of the arbitration.  (Doc. 24).  But, the Court denied Defendant's motion

to compel individual arbitration.  (Id.).  Defendant appealed the Court's denial of its

motion to compel individual arbitration and that issue is now pending before the

Eleventh Circuit Court of Appeals.  (Docs. 25 and 28).  Meanwhile, the parties have

entered into a Confidential Settlement Agreement and General Release (the

"Settlement Agreement") to fully settle their dispute.  (Doc. 28-1).  The parties

represent that the Eleventh Circuit granted Defendant's motion for an extension of

time to file Defendant's brief pending this Court's review and approval of the

Agreement.  (Doc. 2 at 2 n 1).  They state that if the Agreement is approved, they

will stipulate to dismiss the appeal with prejudice.  (Id.).  Defendant has also agreed

to waive the parties' agreement to arbitrate with Plaintiffs for the sole purpose of

seeking Court approval of the Settlement Agreement.  (Id.).

Legal Standard

Congress enacted the FLSA to eliminate labor conditions it deemed to be

"detrimental to the maintenance of the minimum standard of living necessary for

health, efficiency, and general well-being of workers."  29 U.S.C. § 202.  The FLSA

provides for the payment of overtime to non-exempt employees at the rate of not

less than one and one-half times the individual's regular rate for hours worked in

excess of forty per week.  Id. § 207(2).  Remedies for violation of the FLSA include

the ability of an employee to maintain an action against an employer for and on

behalf of the employee and others similarly situated.  However, a potential plaintiff

must consent in writing to become a party to the action.  Id. § 216(b).

-2-

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways.  First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  29 U.S.C. § 216©; Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement.  Id.

 To approve the settlement, the district court must scrutinize the settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.  Id. at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation."  Id. at 1354.  The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor.

In determining whether a settlement is fair and reasonable, the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.  Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007

WL 328792, at *2 (M.D. Fla. Jan. 8, 2007).  There is a strong presumption in favor of finding a settlement fair.  Id. (citing Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)).

Discussion

Defendant has agreed to pay Plaintiffs $15,000 to be allocated as follows:

•       $2,000 payable to Plaintiff Ryan Jackson for back pay;

•       $2,000 payable to Plaintiff Ryan Jackson for liquidated damages;

•       $1,000 payable to Plaintiff Ryan Jackson in exchange for a general release and fulfillment of his promises in the Settlement Agreement;

•       $1,000 payable to Plaintiff Christine LeDuc for back pay;

•       $1,000 payable to Plaintiff Christine LeDuc for liquidated damages;

•       $1,000 payable to Plaintiff Christine LeDuc in exchange for a general release and fulfillment of her promises in the Settlement Agreement;

•       $7,000 to Plaintiffs' counsel for attorney's fees and costs.

(Doc. 28-1, ¶ 4).

In return, Plaintiffs have agreed to fully release Defendant and all persons and entities affiliated with Defendant from all claims Plaintiffs might have as of the date of execution of the Settlement Agreement.  (Id., ¶ 3).  Plaintiffs have also agreed not to reapply for employment with Defendant, to keep the terms of the settlement confidential, to not defame or disparage Defendant, and not to voluntarily assist other individuals in bringing claims against Defendant.  (Id., ¶¶ 5, 7, 11).

The parties voluntarily exchanged information regarding Plaintiffs' hours worked and compensation on an informal basis during settlement negotiations and they are otherwise satisfied that they have sufficiently investigated this dispute, and exchanged sufficient information, to allow them to make educated and informed decisions to settle.  (Doc. 28 at 7).

I find no evidence of fraud or collusion in the making of the Settlement Agreement.  All parties are represented by counsel who claim extensive experience in the litigation of FLSA claims.  (Id. at 8). These attorneys were obligated to vigorously represent the interests of their clients.  Counsel have opined that the Settlement Agreement is fair and reasonable in light of the dispute, the merits of Plaintiffs' claims, and the expense and uncertainty of continuing to litigate those claims.  (Id. at. 5).  And, the parties represent that they weighed the opinions of their counsel in deciding whether to settle.  (Id., ¶ 17).  These facts are indicative of an absence of fraud and collusion.  Helms v. Central Fla. Reg. Hosp., No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491, at *4 (M.D. Fla. Dec. 26, 2006).

If this case does not settle, the parties anticipate that the litigation will be lengthy, complex, and expensive.  They continue to disagree over the merits of Plaintiffs' claims.  Plaintiffs contend they were eligible for overtime compensation under the FLSA, while Defendant contends they were properly classified as exempt from the FLSA's overtime requirements pursuant to 29 U.S.C. 207(I).  If this case is litigated further, Defendant will bear the burden of proving that Plaintiffs were properly classified as exempt employees under the FLSA.  Friedman v. South Fla.

Psych. Assoc., 139 F. App'x. 183, 185 (11th Cir. 2005).  Similarly, Plaintiffs will have to prove that they performed work for which they were not properly compensated.  Reyna v. Conagra Foods, Inc., No. 3:04-cv-39, 2006 WL 3667231, at *3 (M.D. Ga. Dec. 11, 2006) (citing Anderson v. Mt. Clemens Pottery Co., 382 U.S. 680, 687 (1946).  Thus, the parties' probabilities of success on the merits are uncertain, which suggests that this settlement is fair and appropriate.  In addition, the parties will bear the expense of preparing briefs and possibly presenting oral argument to the Eleventh Circuit before the arbitration of claims proceeds.

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . .  shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  Courts have interpreted this provision to mean that "fee awards [are] mandatory for prevailing plaintiffs."  Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985).  Under the FLSA, the Court reviews the reasonableness of counsel's legal fees to insure that counsel is adequately compensated for services rendered, and that no conflict of interest taints the claimant's recovery.  Silva v. Miller, 307 F. App'x. 349, 351 (11th Cir. 2009).  "However, an in depth analysis is not necessary unless the unreasonableness [of the attorney's fee] is apparent from the face of the documents."  Perez v. Nationwide Prot. Serv., 6:05-cv-328-Orl-22JGG, 2005 U.S. Dist. LEXIS 45849, at *1 (M.D. Fla. Oct. 31, 2005).

Here, Plaintiff's counsel, R. Edward Rosenberg, performed the majority of the work at the rate of $300 per hour.  (Doc. 29 at 8).  He claims over 50 hours committed to this case which results in a fee of more than $15,000.  (Id.).  In addition, Plaintiffs costs include filing and service fees in the amount of $440.  (Id.)  To facilitate settlement, Mr. Rosenberg has agreed to a discounted total of $7,000 for fees and costs.  (Id.).  All parties have stipulated that this amount is reasonable.  (Id. at 8-9).  I have independently considered the fees and costs and they appear to be reasonable.  Therefore, I have not conducted an in-depth analysis.  Instead, I recommend the Court accept the parties' stipulation as to the reasonableness of the Settlement Agreement, including attorney's fees and costs.

Recommendation

For these reasons, it is respectfully recommended that the Court grant the parties' motion, and find that the Settlement Agreement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.  I also recommend that once the appeal to the Eleventh Circuit is dismissed, that the Court dismiss this action with prejudice, and direct the Clerk to close the file.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after the filing of this report and recommendation.  The failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking the factual findings on appeal.

IN CHAMBERS in Orlando, Florida, on February 13, 2014.

_____
THOMAS B. SMITH
United States Magistrate Judge

Copies to:

      Presiding United States District Judge
      Counsel of Record